IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH ROMANO | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:21-cv-1463 |
| | ) | |
| vs. | ) | (No. 21 LA 000052) |
| | ) | (McHenry County) |
| ROUNDY'S ILLINOIS INC. d/b/a MARIANO'S | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**

NOW COMES the Defendant, ROUNDY'S ILLINOIS, LLC., d/b/a Mariano's, incorrectly named as Roundy's Illinois Inc. d/b/a Mariano's, by and through its attorneys, Gregory T. Glen and Kopka Pinkus Dolin, P.C., pursuant to 28 USC § 1332, 1441, NS 1446 and hereby submit their Notice of Removal of this case from the Circuit Court of McHenry County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

1. This matter arises out of an alleged fall that occurred on September 28, 2020, at the Mariano's store located at 105 Northwest Highway, Crystal Lake, County of McHenry, State of Illinois. See Plaintiff's Complaint, attached as Exhibit A, filed in the Circuit Court of McHenry County, under Docket Number 2021 LA 000052.

2. The Plaintiff's Complaint alleges that Elizabeth Romano, sustained injuries of a personal and pecuniary nature and seeks damages in excess of the required jurisdictional limit of $50,000. Upon information and belief, it is believed that the Plaintiff sustained bilateral fractured wrists.

3. All that is required for Removal based on Diversity Jurisdiction is a "reasonable probability" that more than $75,000.00 is in controversy. See *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 815 (7th Cir. 2006). The nature of the claim alleged in the Complaint at Law usually makes it simple for a judge to determine whether it is more likely true than not that the amount in controversy exceeds the jurisdictional requirement. See *McCoy v. General Motors Corp.,* 226 F.Supp.2d 939, 941-942 (N.D. Ill. 2002) (the amount in controversy is generally "obvious from a common sense reading of the Complaint").

5. Here, Plaintiff has complied with Illinois pleading requirements, which only allow a Plaintiff to assert that his/her damages are greater or less than a certain jurisdictional amount. In this case, Plaintiff is seeking damages "in excess of $50,000, plus costs of this action" based on the allegation that Plaintiff was caused to become injured and sustain damages. The Plaintiff's injuries allegedly consist of bilateral fractured wrists.

6. Based upon the allegations in Plaintiff's Complaint and Plaintiff's special damages and injuries, there is a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

7. Upon information and belief, and based upon Plaintiff's Complaint, Plaintiff is a resident and citizen of the state of Illinois at all relevant times.

8. The principal owner of Defendant, Roundy's Illinois, LLC, d/b/a Mariano's, is Roundy's Supermarkets, Inc., a Wisconsin corporation with its principal offices at 875 East Milwaukee Avenue, Milwaukee, WI 53202. Roundy's Supermarkets, Inc., was incorporated in the State of Wisconsin. (Exhibit B).

9. Pursuant to *Hart v. Terminex International,* 336 F3rd 541, and *Thomas v. Guardsmark, LLC.,* 487 F3d 531, Rule 28 requires that is a party is a corporation, "the statement

shall identify both the state of incorporation and the state in which the corporation has its principal place of business."

10. The citizenship of an LLC is the citizenship of each of the LLC's members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). An LLC's Jurisdictional Statement must identify the citizenship of each of its members as of the date of the Complaint or Notice of Removal was filed, and, if those members have members, the citizenship of those members as well. *Id.*

11. In this case, Plaintiff's Complaint at Law was filed on February 23, 2021. (Exhibit A).

12. In this case, Defendant's Notice of Removal was filed on March 16, 2021.

13. On February 23, 2021 and March 16, 2021, the sole identity and ownership member of Illinois Roundy's LLC, was Roundy's Supermarkets, Inc. (Exhibit B).

14. In this case, Roundy's Supermarkets, Inc., (principal place of business Milwaukee, Wisconsin), was the sole ownership member of Illinois Roundy's LLC, on February 23, 2021 and March 16, 2021, the date the Plaintiff's Complaint at Law was filed, and the date Defendant's Notice of Removal was filed. (Exhibit B).

15. At all times relevant, other than Roundy's Supermarkets, Inc., Illinois Roundy's LLC, had no other ownership member(s). (Exhibit B).

17. Accordingly, for purposes of determining whether Diversity Jurisdiction exists under 28 USC §1332C1, at all relevant times, Plaintiff was a resident and citizen of the state of Illinois and the Defendant has not been a resident or citizen of the State of Illinois.

18. For the foregoing reasons, this is an action wherein the United States District Court for the Northern District of Illinois, Eastern Division, has original jurisdiction, pursuant to 28 USC

§ 13320 because the matter in controversy exceeds the value of $75,000.00, exclusive of costs and interest, and the defendant conducts business in a different state.

19. Accordingly, Diversity Jurisdiction exists, and this lawsuit was properly removed to this Court Pursuant to 28 USC § 1441 and § 1446b.

20. This Notice of Removal was timely filed by the Defendant within the time frame allotted by this Court pursuant to 28 USC § 1446b.

21. Plaintiff's counsel has been or will be served with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, Roundy's Illinois, LLC., d/b/a Mariano's, a corporation, pursuant to 28 USC § 1441, remove this action from the Circuit Court of Cook County to this Court for Further Proceedings, and further, for any additional relief that the Court deems just.

DEFENDANT DEMAND TRIAL BY JURY.

Respectfully submitted,

By:/s/Gregory T. Glen
     Attorney for Defendant

Gregory T. Glen
Joel D. Groenewold
KOPKA PINKUS DOLIN PC
200 West Adams Street, Suite 1200
Chicago, Illinois 60606
312-782-9920
Email: gtglen@kopkalaw.com
Attorney No. 6273896

**CERTIFICATE OF SERVICE**

I the undersigned, certify that a true and correct copy of the foregoing was either electronically served or mailed by United States mail at 200 West Adams Street, Chicago, Illinois, first class postage fully prepaid, this 17th day of March, 2021, to the following:

John J. Driscoll
DRISCOLL LAW OFFICES P.C.
1770 Park Street
Suite 205
Naperville, IL 60563

    /s/*Gregory T. Glen*
KOPKA PINKUS DOLIN PC
200 West Adams Street, Suite 1200
Chicago, Illinois 60606
312-782-9920
Fax 312-782-9965
Email: gtglen@kopkalaw.com
Attorney No. 6278367